## Josiah B. Hayward *vs.* Appleton Howe.

A devise of land to be equally divided among three persons, with a subsequent provision that in case one of them shall die without lawful issue, the property given to him shall descend to the testator's heirs in fee, gives him an estate tail, and not an estate for life, under the Rev. Sts. c. 59.

BILL. IN EQUITY for the specific performance of a contract to purchase land in Braintree, alleged to have been devised to the plaintiff by Josiah Blanchard, of whose will the following are the material parts :

" After the decease of my wife Elizabeth Blanchard it is my will, and I hereby give, bequeath and devise all my remaining property, real and personal, to be equally divided between my son Ira H. T. Blanchard, my grandson Hasket Blanchard, son of Marcus Blanchard my second son, now supposed to be deceased, and my grandson Josiah Blanchard Hayward, son of my daughter Laura Hayward, deceased." The next paragraph of the will contained this clause : " Provided also that in case the said Josiah Blanchard Hayward shall die without lawful issue, my will is that the property hereinbefore mentioned as given to him shall then descend to my legal heirs, to have and to hold, them and their heirs and assigns forever."

The bill alleged that the testator's wife had long since died, and his estate been divided, and this land set off to the plaintiff; that the defendant had agreed in writing to purchase this land, and the plaintiff had tendered to him a good and sufficient warranty deed, but the defendant refused to accept it.

The defendant demurred to the bill, because the plaintiff had only a life estate under the will of Josiah Blanchard.

*L. Shaw, Jr.*, for the defendant. 1. The estate first devised to the plaintiff was, by the rules of the common law, an estate for life only, there being no words of inheritance ; and it is not enlarged to a fee simple by the Rev. Sts. c. 62, § 4; for it does " clearly appear by the will that the devisor intended to convey a less estate."

The devise over, in case the plaintiff should " die without

lawful issue," would doubtless, by the common law, have en‑ larged the plaintiff's estate to an estate tail by implication. But that would have been as a consequence of the rule in *Shelley's case*, by which a devise to a man for life, and after his death to his issue, gave him an estate tail; and therefore a devise to a man for life, and, upon his death without issue, then over, (by impli‑ cation a devise to him for life, and after his death to his issue, and in case of his death without issue, then over,) in like manner gave him an estate tail. In both these cases, the life estate originally given was enlarged by the common law to an estate tail; and for the same reason, namely, that in both cases the land would belong to the issue of the devisee after his death, and in all cases where an estate was limited to a devisee and his issue, his issue, by this rule of the common law, took by descent and r. 't as purchasers.

· This rule is abolished in Massachusetts, by *St.* 1791, *c.* 60, § 3, enlarged by the Rev. Sts. *c.* 59, § 9, which provide that any devise " to any person for his life, and after his death to his heirs in fee, or by words to that effect," gives to him an estate for life only, and to them a remainder in fee simple; and thus expressly cover this case. The limitation over to his " issue " is of the same effect as if to his " heirs; " and if this did not limit the estate to the plaintiff's heirs, it must have given it to his issue as purchasers, in which case he can only have an estate for life. *St.* 1791, *c.* 60, § 3. *Bowers* v. *Porter*, 4 Pick. 207. And the limitation to his heirs in fee tail, is as much within the statute, as if in fee simple. Commissioners' Report on Rev. Sts. *c.* 59. 6 Cruise Dig. tit. 38, *c.* 14, § 1. *Bowers* v. *Porter*, 4 Pick. 207. *White* v. *Woodberry*, 9 Pick. 138. The Rev. Sts. *c.* 59, § 9, create a special estate which could not exist at common law in consequence of the rule in *Shelley's case*. *Richardson* v. *Wheatland*, 7 Met. 173. *Weld* v. *Williams*, 13 Met. 496.

The estate first given to the plaintiff is not therefore enlarged to an estate tail, as it would have been at common law. In *Parker* v. *Parker*, 5 Met. 134, the testator did not manifest his intention that the devisee should have a life estate so strongly as in this case. In *Wheatland* v. *Dodge*, 10 Met. 502, the devise was in

the first instance coupled with words of inheritance, and was cut down to an estate tail. And in neither case does the question in this case appear to have been suggested by counsel or considered by the court.

*J. J. Clarke,* for the plaintiff, cited 6 Cruise Dig. (Greenl. ed.) tit. 38, *c.* 12, § 45, note; *c.* 14; *Ide* v. *Ide,* 5 Mass. 500; *Nightingale* v. *Burrell,* 15 Pick. 104; *Hawley* v. *Northampton,* 8 Mass. 39; *Parker* v. *Parker,* 5 Met. 134; *Wheatland* v. *Dodge,* 10 Met. 50; *Terry* v. *Briggs,* 12 Met. 17; *Richardson* v. *Wheatland,* 7 Met. 172, *Brown* v. *Lawrence,* 3 Cush. 394; *Barton* v. *Bigelow,* 4 Gray, 356; Rev. Sts. *c.* 59, §§ 3, 9; *c.* 62, § 4; Co. Lit. 189 *a.*

BIGELOW, J. This case has been very ably argued by the counsel for the defendant, and if the premises assumed by him were sound, it would be difficult to escape from his conclusion. But there is a fallacy in his ingenious argument, which consists in the assumption, as the basis of the reasoning, that the devise to the plaintiff of the premises in controversy is in legal effect a gift in express terms to him for life and on his death to the heirs of his body, or, what is equivalent, to his lawful issue. But such is not the true interpretation of the devise, construing, as we are bound to do, the two clauses, relating to the premises, together, as being made *uno flatu* and operating to vest an estate in the devisee at one and the same time. Thus construed, the devise is of an estate tail, which vests in the first taker something more than an estate for life. In other words, the language of the will relating to the premises in dispute creates an estate tail in the plaintiff by implication, and has the same force and effect *ex vi termini* as if it had been in express terms to the devisee and the heirs of his body lawfully begotten. This point is fully settled by a series of adjudications in this commonwealth, cited by the counsel for the plaintiff, especially by *Parker* v. *Parker,* 5 Met. 134, and *Wheatland* v. *Dodge,* 10 Met. 502. It follows that this is not a case to which the statute abolishing the rule in *Shelley's case,* Rev. Sts. *c.* 59, § 9, applies. This statute was not intended to prohibit or restrain the creation of estates tail when the devise should be made by apt and sufficient words according to the well established rules of

law. It was only intended to be applicable to those cases where the devise was in express terms or in substance and effect to the first taker for life, and was designed to give effect to the particular intent creating a life estate, to the exclusion of the general intent to create a fee tail, which the rule of the common law implied from a gift so expressed. But in this case no particular intent to give to the plaintiff a life interest is expressed or implied. On the contrary, as has been already stated, the implication is that an estate tail was created.

*Demurrer overruled.*